UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CECIL O. HARVEY,

                                          Plaintiff,

-against-

CITY OF NEW YORK; WARDEN JOHN DOE, Rikers Island; DEPUTY WARDEN JOHN DOE, Otis Bantum Correctional Center; MOVEMENT CAPTAIN JOHN DOE, Otis Bantum Correctional Center; DEPUTY WARDEN JOHN DOE, North Infirmary Command West Facility; MOVEMENT CAPTAIN JOHN DOE, North Infirmary Command West Facility; DEPUTY WARDEN JOHN DOE, George Motchan Detention Center; MOVEMENT CAPTAIN JOHN DOE, George Motchan Detention Center,

                                          Defendants.

**ANSWER TO THE THIRD AMENDED COMPLAINT**

Jury Trial Demanded

07 CV 0343 (NG)(LB)

------------------------------------------------------------------------ x

        The City of New York[1], by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the third amended complaint ("complaint"), respectfully alleges, upon information and belief, as follows:

        1.      Denies the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2.      Denies the allegations set forth in paragraph "2" of the complaint.

        3.      Denies the allegations set forth in paragraph "3" of the complaint, except denies knowledge or information sufficient to form a belief as to plaintiff's allegations regarding "the morning of his scheduled criminal court date" as the date is unspecified, except admits that

---

[1] Upon information and belief, the City of New York is the only defendant who has been served with a copy of the summons and complaint in this action.

plaintiff was in the custody of the New York City Department of Correction (DOC) in or about 2003.

4. Denies the allegations set forth in paragraph "4" of the complaint, except denies knowledge or information sufficient to form a belief as to when plaintiff was released from the custody of Immigration and Customs Enforcement (ICE), plaintiff's purported activities upon his release from ICE custody, and any other allegations as to which the dates are unspecified.

5. Denies the allegations set forth in paragraph "5" of the complaint, except admits that plaintiff purports to proceed as stated therein.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that plaintiff purports to base venue as stated therein.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint as they pertain to unspecified individuals.

14. Paragraph "14" of the complaint sets forth conclusions of law rather than allegations of fact; accordingly, no response is required.

15. Admits the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint and respectfully refers the Court to the City Charter and Administrative Code for a recitation of the relationship between the City of New York and its agencies, agents and employees.

17. Denies the allegations set forth in paragraph "17" of the complaint and respectfully refers the Court to federal regulation 8 C.F.R. §287.7.

18. Denies the allegations set forth in paragraph "18" of the complaint, except admits, upon information and belief, that DOC receives federal funding in connection with the incarceration of undocumented criminal aliens.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint, except admits that plaintiff was in DOC custody on or about December 2, 2003.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint, except admits that plaintiff was in DOC custody on or about December 5, 2003.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint, except admits that plaintiff appeared in criminal court on or about December 5, 2003.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint, except admits that plaintiff's criminal case was adjourned.

25. Denies the allegations set forth in paragraph "25" of the complaint, except admits that Immigration and Customs Enforcement (ICE) issued an immigration detainer for plaintiff in or about 2003.

26. Denies the allegations set forth in paragraph "26" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to ICE procedures.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint, except admits, upon information and belief, that an immigration detainer may set forth certain guidelines with respect to persons being held pursuant thereto.

32. Denies the allegations set forth in paragraph "32" of the complaint and respectfully refer all questions of law to the Court.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34. Denies the allegations set forth in paragraph "34" of the complaint and respectfully refer all questions of law to the Court.

35. Denies the allegations set forth in paragraph "35" of the complaint, except admits that plaintiff was in DOC custody from December 5, 2003, to January 13, 2004.

36. Denies the allegations set forth in paragraph "36" of the complaint and respectfully refer all questions of law to the Court.

37. Denies the allegations set forth in paragraph "37" of the complaint and respectfully refer all questions of law to the Court.

38. Denies the allegations set forth in paragraph "38" of the complaint, except admit that plaintiff was in DOC custody from December 5, 2003, to January 13, 2004.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. Denies the allegations set forth in paragraph "46" of the complaint, except admits, upon information and belief, that plaintiff was held in the West Facility Communicable

Disease Unit as of or about December 9, 2003, until being transferred to the George Motchan Detention Center (GMDC) on or about January 8, 2004.

47. Admits the allegations set forth in paragraph "47" of the complaint.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. Denies the allegations set forth in paragraph "49" of the complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the complaint.

51. Denies the allegations set forth in paragraph "51" of the complaint, except admits that plaintiff was scheduled to appear in court on January 13, 2004.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the complaint.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the complaint.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the complaint.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the complaint.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the complaint.

57. Admits the allegations set forth in paragraph "57" of the complaint.

58. Denies the allegations set forth in paragraph "58" of the complaint.

59. Denies the allegations set forth in paragraph "59" of the complaint.

60. Denies the allegations set forth in paragraph "60" of the complaint.

61. Denies the allegations set forth in paragraph "61" of the complaint.

62. Denies the allegations set forth in paragraph "62" of the complaint, except admits, upon information and belief, that a warrant was issued for plaintiff's arrest on or about February 13, 2004.

63. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the complaint.

64. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the complaint.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the complaint.

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the complaint.

67. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the complaint.

68. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the complaint.

69. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the complaint.

70. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the complaint, except admits that plaintiff was subject to deportation.

71. Denies the allegations set forth in paragraph "71" of the complaint, except admits plaintiff was arrested on or about September 2, 2006.

72. Denies the allegations set forth in paragraph "72" of the complaint.

73. Denies the allegations set forth in paragraph "73" of the complaint.

74. Denies the allegations set forth in paragraph "74" of the complaint.

75. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the complaint.

76. Denies the allegations set forth in paragraph "76" of the complaint, except admits that a document purporting to be a Notice of Claim bearing was received by the New York City Office of the Comptroller.

77. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the complaint.

78. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the complaint, except admits that Judge McGuire presided over a criminal case in which plaintiff was a defendant.

79. Denies the allegations set forth in paragraph "79" of the complaint and respectfully refers all questions of law to the Court.

80. Denies the allegations set forth in paragraph "80" of the complaint and respectfully refers all questions of law to the Court.

81. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "81" of the complaint, except admits that Judge McGuire dismissed a criminal case pending against plaintiff on or about December 12, 2006.

82. Denies the allegations set forth in paragraph "82" of the complaint.

83. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "83" of the complaint.

84. Denies the allegations set forth in paragraph "84" of the complaint, except admits that an immigration detainer was issued against plaintiff on or about October 2, 2006.

85. Denies the allegations set forth in paragraph "85" of the complaint.

86. Denies the allegations set forth in paragraph "86" of the complaint.

87. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "87" of the complaint, except admits that Judge McGuire dismissed a criminal case pending against plaintiff on or about December 12, 2006.

88. Denies the allegations set forth in paragraph "88" of the complaint and respectfully refers all questions of law to the Court.

89. Denies the allegations set forth in paragraph "89" of the complaint.

90. Denies the allegations set forth in paragraph "90" of the complaint.

91. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "91" of the complaint.

92. Denies the allegations set forth in paragraph "92" of the complaint.

93. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "93" of the complaint.

94. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "94" of the complaint.

95. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "95" of the complaint.

96. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "96" of the complaint.

97. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "97" of the complaint.

98. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "98" of the complaint.

99. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "99" of the complaint.

100. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "100" of the complaint.

101. Denies the allegations set forth in paragraph "101" of the complaint, except admits that plaintiff was deported.

102. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "102" of the complaint.

103. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "103" of the complaint.

104. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "104" of the complaint.

105. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "105" of the complaint.

106. Denies the allegations set forth in paragraph "106" of the complaint.

107. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "107" of the complaint.

108. Denies the allegations set forth in paragraph "108" of the complaint.

109. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "109" of the complaint.

110. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "110" of the complaint.

111. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "111" of the complaint.

112. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "112" of the complaint.

113. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "113" of the complaint.

114. Denies the allegations set forth in paragraph "114" of the complaint.

115. Denies the allegations set forth in paragraph "115" of the complaint.

116. Denies the allegations set forth in paragraph "116" of the complaint.

117. Denies the allegations set forth in paragraph "117" of the complaint.

118. Denies the allegations set forth in paragraph "118" of the complaint.

119. Denies the allegations set forth in paragraph "119" of the complaint and respectfully refers all questions of law to the Court.

120. Denies the allegations set forth in paragraph "120" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

121. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

122. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

123. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonable and properly in the lawful exercise of their discretion. Therefore, it is entitled to governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

124. Plaintiff has failed to comply, in whole or in part, with New York General Municipal Law § 50-e, et seq.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

125. Plaintiff's detentions were justified by probable cause and/or other lawful authority.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

126. Plaintiff cannot recover punitive damages from defendant City of New York.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

127. This action may be barred, in whole or in part, by the doctrines of *res judicata* and/or collateral estoppel.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

128. This action is barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

129. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening culpable or negligent conduct of others for whom the City of New York is not responsible and was not the proximate result of any act of the defendant.

- 13 -

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

130.    Plaintiff may have failed to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(a).

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

131.    Plaintiff's claim for money damages may be barred by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(e).

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
December 22, 2008

        MICHAEL A. CARDOZO
        Corporation Counsel of the
          City of New York
        Attorneys for Defendants
        100 Church Street
        New York, New York 10007
        (212) 788-8684/(212) 442-2715
        mhudson@law.nyc.gov
        saroubas@law.nyc.gov

By:     /s/
        Maurice L. Hudson
        Shlomit Aroubas
        Assistant Corporation Counsel

To: **BY ECF**
Washington Square Legal Services, Inc.
Nancy Morawetz, Esq.
Alisa Wellek, Legal Intern
Laura Trice, Legal Intern
*Attorneys for Plaintiff*
245 Sullivan Street, 5th Floor
New York, New York 10012